FILED
3/22/2024 2:59 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Ana Cortijo
Bexar County - 438th District Court

2024CI06339

NO. ___________

| | | |
|---|---|---|
| **MARIA CALDERON** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **COSTCO WHOLESALE CORP.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **Defendants.** | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff MARIA CALDERON (hereinafter referred to as "Plaintiff") complaining of and about COSTCO WHOLESALE CORP. (hereinafter referred to as "Defendants"), and for cause of action would respectfully show the Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES

2. Plaintiff is an individual that resided in Bexar County when all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The last three numbers of Plaintiff's driver's license number are 993.

3. Defendant is a a foreign for profit company that was authorized to conduct business in the state of Texas when all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. Defendant may be served with process by and through its registered agent for service of process: CT Corporation System at 1999 Bryan St. Ste., 900 Dallas, Texas 75201.

### JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

5. Venue is proper in Bexar County under Texas Civil Practice and Remedies Code Section 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Bexar County.

## FACTUAL BACKGROUND

6. On November 30, 2022, and at all times material hereto, Defendant COSTCO WHOLESALE CORP., was the owner of the subject premises, located at 1201 N. Loop 1604 E., San Antonio, Texas 78232.

7. Plaintiff entered upon the subject premises on November 30, 2022, for the purpose of purchasing items from the Defendant. Accordingly, Plaintiff entered the subject premises at the invitation of Defendants.

8. During the time that Plaintiff was upon Defendants property on November 30, 2022, she was seriously injured as a result of a wet floor at the subject premises, which caused Plaintiff to fall and violently strike the ground.

9. The specific dangerous condition giving rise to this matter consisted of a slippery and wet surface in the water aisle where Plaintiff was shopping. This presented a slip and fall hazard to persons coming onto the subject premises, including Plaintiff (hereinafter referred to as "Dangerous Condition").

## LIABILITY OF DEFENDANT

10. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs.

11. Prior to and at the time of the subject incident, COSTCO WHOLESALE CORP owned, controlled, managed, possessed and/or had the authority to maintain the subject premises, including the location at the subject premises in which the Dangerous Condition existed.

12. Prior to and at the time of the subject incident, COSTCO WHOLESALE CORP had a duty to exercise ordinary care to avoid exposing persons to unreasonable risks of harm due to their control, management, possession and/or authority to maintain and manage the subject premises, including the location at the subject premises in which the Dangerous Condition existed.

13. COSTCO WHOLESALE CORP was also required to use reasonable care to discover any unsafe conditions at the subject premises and to repair, replace, or give adequate warning of anything that could reasonably be expected to harm others.

14. COSTCO WHOLESALE CORP was aware of the danger a slippery, wet floor, such as the Dangerous Condition, posed to others.

15. COSTCO WHOLESALE CORP breached its aforementioned duty by failing to properly maintain the location at the subject premises in which the Dangerous Condition existed, thereby allowing the wet floor to exist, which created a condition of unreasonable harm to Plaintiff and others.

16. COSTCO WHOLESALE CORP was fully aware of the dangers associated with the slippery, wet floor, as well as the fact that its existence had been a problem at the subject premises for a significant period of time prior to the occurrence of the subject incident giving rise to this matter.

17. Alternatively, COSTCO WHOLESALE CORP should have been fully aware of the potential dangers associated with the slippery, wet floor if proper inspections and maintenance of the subject premises were conducted.

18. Despite the foregoing, COSTCO WHOLESALE CORP was negligent in the use and/or maintenance of the subject premises, as they failed to secure the Dangerous Condition, failed to protect others from harm from the slippery, wet floor, and failed to give adequate warning of the dangers presented by the Dangerous Condition.

19. Prior to and at the time of the subject incident COSTCO WHOLESALE CORP had the opportunity, ability, and duty to prevent the occurrence of incidents of the nature involved in this matter, which were reasonably foreseeable, by addressing the dangers posed by the Dangerous Condition, but failed to take any reasonable measure to do so.

20. The subject incident, which caused Plaintiff's injuries, was the direct and proximate result of the aforementioned conduct of COSTCO WHOLESALE CORP.

**DAMAGES**

21. As a direct and proximate result of the subject incident, and Defendant's conduct as described herein, Plaintiff was caused to suffer left foot and ankle injuries as well as exacerbated knee injuries, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

22. As a direct and proximate result of the subject incident, Plaintiff has incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the subject incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Loss of Household Services in the past;

J. Loss of Household Services in the future; and

K. Cost of medical monitoring and prevention in the future.

23. By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

**CONDITIONS PRECEDENT**

24. All conditions precedent to Plaintiff's right to the relief sought herein have been performed or have occurred.

**JURY DEMAND**

25. Pursuant to Texas Rules of Civil Procedure Rule 216, Plaintiff requests a jury trial.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the

maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and, such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE RADCHENKO LAW GROUP, PLLC

*/s/ Halina Radchenko*
Halina Radchenko
Texas Bar No. 24063262
Email: hr@radchenkolawgroup.com
6136 Frisco Square Boulevard, Suite 400
Frisco, TX 75034
Tel. (903) 402-4033
Fax. (903) 402-4034
ATTORNEY FOR PLAINTIFF